# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**JOHNNY LEE NICHOLS**
**ADC #115100**                                                                                         **PLAINTIFF**

v.                                    Case No: 4:21-CV-01231-LPR

**POPE COUNTY DETENTION**
**CENTER, et al.**                                                                                      **DEFENDANTS**

## ORDER

Plaintiff Johnny Lee Nichols, in custody of the East Arkansas Regional Unit of the Arkansas Division of Correction, paid the filing fee[1] and filed a pro se complaint and two amended complaints pursuant to 42 U.S.C. § 1983.[2] Mr. Nichols initially sued the Pope County Detention Center, Officer Flagg, Judge Dunham, Governor Asa Hutchinson, Pope County Sheriff Shane Jones, Russellville Mayor Richard Harris, Arkansas Attorney General Leslie Rutledge, Turn Key Medical, and Russellville Police Officers Westcott, Ewing, and Ezell, alleging a variety of constitutional violations.[3] On initial screening, the Honorable Jerome Kearney determined that Mr. Nichols had failed to state a claim and directed him to file a superseding amended complaint addressing specific pleading errors.[4] Mr. Nichols complied, naming Officer Westcott (in both his official and personal capacities) as *the sole defendant* in the operative Complaint.[5] Mr. Nichols seeks damages.[6]

---

[1] Receipt of Filing Fee (Doc. 6).

[2] Compl. (Doc. 1); Am. Compl. (Doc. 2-1); Second Am. Compl. (Doc. 8).

[3] Compl. (Doc. 1); Am. Compl. (Doc. 2-1).

[4] Order (Doc. 7).

[5] Third Am. Compl. (Doc. 11) at 2.

[6] *Id.* at 37.

## I.    Screening

Before docketing a complaint, or as soon as practicable after docketing, I must review it to identify cognizable claims or dismiss the complaint, or any portion of the complaint, if it: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief against a defendant who is immune from such relief.[7] Although a complaint requires only a short and plain statement showing that (if the allegations are ultimately proved) the pleader is entitled to relief, the factual allegations must be sufficient to raise the right to relief above a speculative level.[8] A pro se complaint is construed liberally, but it must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable.[9]

## II.    Mr. Nichols's Claims

On April 20, 2021, Mr. Nichols gave some people a ride to Walmart.[10] He explains that he spent roughly an hour shopping and buying groceries.[11] Upon returning to his car, Mr. Nichols found that his car was surrounded by police. Apparently, the people whom Mr. Nichols had given a ride had shoplifted roughly $500 worth of merchandise and gone to his car in an attempt to leave with the property.[12] Mr. Nichols says that he proceeded to unlock his trunk and put his groceries in his car.[13] While he was loading his groceries, Officer Westcott approached Mr. Nichols and asked to see his receipt, which he readily provided.[14] Mr. Nichols remembers that Officer Westcott

---

[7] 28 U.S.C. § 1915A; 28 U.S.C. § 1915(e)(2)(B).

[8] *See* Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.").

[9] *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

[10] Third Am. Compl. (Doc. 11) at 23.

[11] *Id*. at 23–24.

[12] *Id*.

[13] *Id*.

[14] *Id*. at 24–25.

was "very polite and respectful[]."[15] Explaining that he had forgotten to purchase an item, Mr. Nichols says that he told Officer Westcott he was going back in the store and that Officer Westcott did not object.[16]

When Mr. Nichols returned to his car roughly twenty minutes later, Officer Westcott's demeanor had changed. Mr. Nichols states Officer Westcott had become "rude" and was "barking orders."[17] Officer Westcott directed Mr. Nichols to place his hands on his car, asked him what he had in his pockets, and searched him.[18] Mr. Nichols states that, "I had a lot of stuff in my pockets and I did not have a[n] inventory list for [Officer Westcott], and that upset him . . . ."[19] Mr. Nichols admits Officer Westcott found a baggie of methamphetamine in Mr. Nichols's pocket.[20] Nevertheless, Mr. Nichols questions why the shop lifters were only given a ticket while he was arrested and charged with possession of a controlled substance.[21]

According to Mr. Nichols, Officer Westcott falsified an affidavit concerning the reason for the search. The Court does not have the affidavit before it yet. Allegedly, the affidavit says the search occurred because Officer Westfall had noticed the clip of a knife attached to Mr. Nichols's jeans.[22] Mr. Nichols does not deny possessing the knife or that it was clipped to his jeans. Rather, he alleges that Officer Westcott could not possibly have seen the clip of the knife before the search

---

[15] *Id*. at 25.

[16] *Id*.

[17] *Id*.

[18] *Id*. at 26.

[19] *Id*.

[20] *Id*.

[21] *Id*. at 27. A public records search reveals that Mr. Nichols has since been convicted (in a Pope County Circuit Court bench trial) of possession of controlled substances stemming from a March 7, 2021 arrest. *State v. Nichols*, 58CR-21-302 (Pope County Circuit Court). He was simultaneously convicted of failure to appear. *Id.* Both of those convictions are currently on appeal. *Nichols v. State*, CR-22-146 (Ark. Ct. App. 2022); *Nichols v. State*, CR-22-147 (Ark. Ct. App. 2022).

[22] Third Am. Compl. (Doc. 11) at 28.

began—because the coat Mr. Nichols was wearing that evening covered his pants pockets.[23]  In short, Mr. Nichols claims that Officer Westcott searched him without probable cause and later lied about having probable cause to cover his unlawful actions.[24]  This is the principal claim of the operative Complaint.

Mr. Nichols does briefly raise a few other issues.  First, he says that drug possession is a victimless crime and therefore cannot, constitutionally speaking, be an actual crime.[25]  Construing this statement extremely liberally, perhaps Mr. Nichols is claiming that Officer Westfall acted unconstitutionally by arresting Mr. Nichols for possessing methamphetamine.  (Alternatively, this portion of the operative Complaint could be read as Mr. Nichols faulting, without suing, the prosecutor for the eventual possession charge.[26])  Second, Mr. Nichols contends that, since the April 20, 2021 search, he has been unlawfully searched four more times.[27]  But he doesn't say who performed these searches.  Third, Mr. Nichols says that, since his arrest, he has been denied blood pressure medication, gotten ill with covid, been unable to seek proper care, and been limited in his legal correspondence.[28]

### III.   Discussion

As a threshold matter, Mr. Nichols's claims against anyone other than Officer Westcott are dismissed without prejudice.  "It is well-established that an amended complaint supersedes an

---

[23] *Id*.

[24] Third Am. Compl. (Doc. 11) at 15, 21–23.  Mr. Nichols says that the Walmart parking lot surveillance video from the night of his search and arrest will prove his argument.  *Id.*

[25] *Id*. at 22, 29.

[26] Mr. Nichols also loosely questions the prosecuting attorney's decision to charge him as a habitual offender because his past crimes were victimless and thus (in his view) not actual crimes.  *Id*. at 29–30.

[27] *Id*. at 30.

[28] *Id*. at 30–31, 34.

original complaint and renders the original complaint without legal effect."[29]  Judge Kearney specifically warned Mr. Nichols of this fact.[30]  And Mr. Nichols very specifically proceeded to name only one defendant (Officer Westcott) in his operative Complaint.[31]  He dropped a lot of defendants from earlier iterations of his Complaint.  All claims against those defendants are abandoned.  Moreover, some of the acts that Mr. Nichols raises in his operative Complaint have nothing to do with Officer Westcott.  For example, consider Mr. Nichols's claim that he has been unlawfully searched four additional times.  He has pleaded no specific facts to support that allegation, has not said who searched him, and certainly has not said it was Officer Westcott.  The same is basically true of Mr. Nichols's claims concerning inadequate medical care and limitations on his legal correspondence.[32]

There are really only two claims against Officer Westcott still in this case.  One is that Officer Westcott unlawfully arrested Mr. Nichols for possessing methamphetamine—because the Constitution prevents methamphetamine possession (which Mr. Nichols describes as a victimless activity) from being considered a crime.  That's obviously not the law, so this claim is out.[33]  The other claim—concerning the reasonableness of Officer Westcott's search—has been sufficiently pleaded.  It may proceed beyond initial screening.  While damages claims that could potentially

---

[29] *In re Atlas Van Lines, Inc.*, 209 F.3d 1064, 1067 (8th Cir. 2000).

[30] Order (Doc. 7) at 5–6.

[31] Third Am. Compl. (Doc. 11) at 2.

[32] Even if Mr. Nichols had stated a viable claim concerning his mail—a claim that would be against Captain Sweet, not against Officer Westcott—such a claim is improperly joined in this action and is therefore dismissed.  Fed. R. Civ. P. 21.

[33] For the same reason, Mr. Nichols's claims about habitual offender status fail at this stage, even if one overlooks that he did not sue the prosecutor.

invalidate a conviction or sentence are normally barred,[34] *Heck* specifically anticipated (and did not bar) a claim such as this one—involving the reasonableness of a search.[35]

However, the unlawful search claim can proceed only insofar as it is brought against Officer Westcott in his individual capacity. Any official-capacity claims that Mr. Nichols has brought against Officer Westcott are dismissed without prejudice. A suit against a police officer in his official capacity is essentially a suit against his employer. The Russellville Police Department is not an entity that can be sued under Section 1983.[36] And, in order to sue the City of Russellville, Mr. Nichols must identify a policy, practice, or custom that allegedly caused or contributed to the constitutional violation.[37] Mr. Nichols has not done so.

### IV.    Motion to Appoint Counsel

Mr. Nichols moves for the appointment of counsel in "[his] cases."[38] It appears that Mr. Nichols is asking me not only to appoint counsel in this case, but also to appoint counsel to represent him in his state appeal.[39] His motion is DENIED. I have no authority to appoint counsel to a state appeal. And with respect to the case here in federal court, a civil litigant has no constitutional or statutory right to counsel. The decision whether to make an appointment is within my discretion.[40] The case is young, and the facts are not so complex as to warrant the appointment of counsel at this stage. Moreover, so far Mr. Nichols has done a fair job of explaining the crux of his case on the search issue.

---

[34] *Heck v. Humphrey*, 512 U.S. 477, 488 (1994).

[35] *Id.* at 487 n.7.

[36] *Ketchum v. City of West Memphis*, 974 F.2d 81, 82 (8th Cir. 1992).

[37] *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 691 (1978).

[38] Mot. to Appoint Counsel (Doc. 17).

[39] *Id.*

[40] *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996).

### V.     Conclusion

1.     Mr. Nichols has sufficiently pleaded an individual-capacity claim against Officer Westcott—namely that Officer Westcott unconstitutionally searched Mr. Nichols.

2.     All other defendants and claims are dismissed without prejudice.

3.     The Clerk of the Court shall prepare a summons for Officer Westcott and deliver it along with the operative Complaint (Doc. 11) and this Order to the United States Marshal, who shall serve these papers on Officer Westcott without prepayment of fees and costs or security thereof. Service should be attempted through the Russellville Police Department, 115 West H. St., Russellville, Arkansas 72801.  Mr. Nichols's Motion for Summons (Doc. 16) is DENIED as Moot.

IT IS SO ORDERED this 9th day of November 2022.

_____
LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE